### A. H. HALE v. WILLIAM DOCKING et al.
#### No. 250.

1. WARRANTY DEED—*exception in, held not invalid.*  A deed of general warranty conveyed several tracts of land, among them this tract: "Lot seven, except the perpetual use of the following described lands," describing the exception by metes and bounds. Lot seven is a congressional survey containing forty acres.  The exception contains eleven acres thereof.  The exception is not repugnant to the grant contained in the description.

2. ———— *rule of construction same as of other contracts.*  The evident intention of parties to a deed must be given effect the same as in other writings.

Error from Clay District Court.   Hon. R. B. Spilman, Judge.   Opinion filed November 15, 1897.  *Reversed.*

284      HALE v. DOCKING.

N. Dept.      Opinion.   Mahan, P. J.      6 Kan. App.

*Beardsley & Gregory,* for plaintiff in error.

*C. C. Coleman,* for defendants in error.

MAHAN, P. J. The question presented in this case is the construction of a deed under which the defendants in error claimed title. This deed was made by Emma F. Dexter and her husband to Betsy Marsten. The defendants in error, William Docking and others, claimed as the grantees of Betsy Marsten.

The deed of Emma F. Dexter, after describing other property, contains the following description, over which the contention arises: "Lot seven, except the perpetual use of the following-described land." Then follows a description by metes and bounds of the exception, which embraced about eleven acres. Lot seven contained forty acres. The contention of defendants in error is, that the exception is repugnant to the grant of the entire lot, and, being repugnant to the grant, is invalid. The court below sustained this contention and entered judgment, against the plaintiff in error, that defendants in error were rightfully in possession of this land, and for costs. Subsequently to making the deed, Emma F. Dexter and husband made a mortgage upon the eleven acres and other land. This mortgage was foreclosed, and the land was sold by the sheriff of Clay County to the plaintiff. He sought in this action to recover the possession of this land from the defendants in error.

If the exception had covered the entire tract, instead of only a portion thereof, the judgment of the court would have been correct. The rules of interpretation which apply to deeds are the same as those which apply to other written contracts. The court should endeavor to sustain the true intention of the parties.

It was the undoubted intention of the parties to this deed that it should not convey to the grantee the eleven acres.   Such conveyances have, without exception we believe, been sustained.   It is only where the exception destroys the deed entirely that it is held to be repugnant to the grant ; as, for instance, where the deed grants twenty acres of land absolutely but by a special clause in the deed attempts to reserve one acre or more, the intention of the grantor is held to be to convey the entire twenty acres, and the exception or reservation of that one acre is so repugnant to that intention that the courts have uniformly held it to be bad.   But where the conveyance is of a tract, such as a lot of a congressional survey, excepting therefrom one or more acres in a particular part of the tract, such exception or reservation has never been held to be repugnant, but the intention of the parties has been held uniformly to be to convey all but the excepted part.   The right to the possession of the land was excepted perpetually to the grantors.   This interest they could mortgage ; and their rights could, under such mortgage, be sold and conveyed, and doubtless were so sold to the plaintiff in error under the foreclosure proceedings.   Under the agreed statement of facts, the plaintiff in error was entitled to judgment for the possession of the land.

The judgment is reversed, with direction to the court below to enter judgment for the plaintiff accordingly.